[Crim. No. 183. In Bank.—June 16, 1896.]

## In the Matter of GEORGE E. WHITE, on Habeas Corpus.

Divorce—Separate Property of Husband—Injunction to Restrain Alienation—Jurisdiction.—The superior court has jurisdiction, upon a proper showing, to issue an injunction in a proceeding for divorce, to restrain the husband from alienating his separate property.

Id.—Review upon Habeas Corpus—Contempt—Support of Injunction—Discretion.—Upon writ of *habeas corpus*, sued out by the husband, who has been adjudged guilty of contempt in violating the injunction, the question whether the injunction was warranted by the circumstances, or was an abuse of discretion, cannot be considered.

Hearing in the Supreme Court upon writ of *habeas corpus* to the sheriff of the City and County of San Francisco to review a commitment for contempt by the Superior Court of said city and county. J. B. C. Hebbard, Judge.

The facts are stated in the opinion of the court.

*Alexander Laidlaw*, for Petitioner.

The Court.—Petitioner was adjudged guilty of contempt in disobeying and violating the injunction of the court made *pendente lite* in the action of divorce, entitled *George E. White* v. *Frankie White*.

The injunction restrained petitioner from alienating his separate property. The only jurisdictional question involved turns upon the power of the court to issue such

an injunction in a divorce proceeding pending the litigation. We entertain no doubt that in a proper case, and upon a proper showing, this may be done. (High on Injunctions, secs. 1393–95; Bishop on Marriage and Divorce, secs. 1106, 1107, and notes where cases are collated.) Whether or not the injunction in this case was warranted by the circumstances, or was an abuse of the discretion of the trial judge, is a question which cannot be considered in this proceeding. The restraining order being within the jurisdiction of the court to make, it follows that the prisoner must be remanded.

Writ discharged and prisoner remanded.